IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT REDNOWERS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-15-1641 |
| | : | Criminal No. CCB-14-043 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Robert Rednowers has filed a motion to vacate his sentence under 28 U.S.C. § 2255 on August 7, 2015, alleging ineffective assistance of counsel in connection with his plea of guilty to robbery of a federally-insured bank. The motion is fully briefed, and the record shows Rednowers is not entitled to relief.

Rednowers pled guilty on October 20, 2014 to Count One of an indictment charging him with three bank robberies. As part of the plea he admitted to the commission of all three robberies, which occurred on November 21, 2013, November 26, 2013, and December 4, 2013. Rednowers committed these crimes shortly after he served time for violation of the conditions of supervised release imposed following an earlier federal bank robbery (CCB-00-0417). He had received a sentence of 151 months for that robbery.

Rednowers's advisory guideline range for the 2013 offenses was only 57 to 71 months, primarily because of the age of his earlier convictions. Recognizing that the government could argue that the seriousness of his criminal history, in particular his prior conviction and sentence in federal court, warranted a significant upward departure (the government initially suggested a range of 151-188 months), Rednowers's counsel negotiated an agreed-upon disposition of 114 months. This was fully explained to Rednowers.

First, the plea colloquy reflects that Rednowers, though taking prescribed medication, understood the proceedings. (Tr. 10/20/14 at 4-5). He stated that his attorney, Brian Murphy, was "outstanding." (*Id.* at 11). He heard the Assistant U.S. Attorney explain why she was asking for a sentence higher than the guidelines, *Id.* at 17, and the court later explained that in fact the agreed sentence of 114 months would control. *Id.* at 21. All this also was explained in the plea letter Rednowers signed. Rednowers had no questions at the end of the proceedings. (*Id.* at 25).

Second, the sentencing transcript also reflects a full discussion of the issue. The guideline range in the PSR, which Rednowers reviewed two days before the sentencing, was 57-71 months. (Tr. 1/30/15 at 4). The AUSA then fully explained the criminal history that led her to seek and the parties to agree on a sentence above the guidelines range. (*Id.* at 5-6). Mr. Murphy concurred and explained further that his client "wanted some certainty." (*Id.* at 7-8). Finally, the court explained that the guidelines were not mandatory, that a significant period of incarceration was necessary, and that the government could have asked for more. (*Id.* at 17).

Rednowers says that the PSR noted the guideline range was lower than the c-plea, and he did not see the PSR until two days before sentencing. The record shows, however, that he was well aware of the guideline issue even before his plea was entered, nor did he say anything to the contrary at sentencing.

In summary, the record shows that Rednowers was fully advised of the circumstances and reasons for the plea agreement, that he entered it voluntarily and knowingly with the assistance of competent counsel, and he simply regrets the choice he made. There is no basis to set aside his sentence, which is reasonable under 18 U.S.C. § 3553(a).

A separate Order follows.

Feburary 18, 2016                                                         /S/
Date                                                    Catherine C. Blake
                                                        United States District Judge